IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-201-BO

| | | |
|---|---|---|
| GARY R. GRANT,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | **O R D E R** |
| TOM VILSACK, Secretary, U. S.<br>Department of Agriculture,<br>    Defendant. | )<br>)<br>)<br>) | |

Before the Court is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment [DE 71]. The Plaintiff has responded in opposition to the instant Motion, the Defendant has filed a reply, and the Motion is ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Nine African-American and female farmers brought a class action on October 19, 2000, in the District Court for the District of Columbia, alleging that the United States Department of Agriculture ("USDA") discriminated against them on the basis of race and sex by denying them credit and other benefits under farm programs. Plaintiffs sought relief under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), and the Fifth and Thirteenth Amendments to the Constitution (Compl. ¶ 1.)

The United States requested additional time to answer, a stay, and dismissal and summary judgment on March 25, 2002. The court, by order dated March 31, 2003, stayed the entire action

based upon related litigation, dismissed the Plaintiffs' claims under the APA, Title VI, and those relating to USDA's failure to investigate discrimination, and struck Plaintiffs' demand for a jury trial. On December 12, 2007, the Court entered an order denying Plaintiffs' motion to certify a class. After a status conference and motions, the District of Columbia Court transferred venue to this Court on March 17, 2009.

This Court lifted the stay previously entered and severed the distinct discrimination claims of the eight remaining plaintiffs by an order entered May 13, 2010. On July 12, 2010, the Defendant filed a Motion to Dismiss the Complaint or, Alternatively, for Summary Judgment. That Motion is presently before the Court.

In the Complaint, Plaintiff alleges that Matthew Grant (hereinafter "Mr. Grant") was an African-American male who farmed in Halifax County, North Carolina, obtained loans from the Farmers Home Administration ("FmHA") beginning in 1971, experienced repayment troubles in the mid-1970s, received little FmHA restructuring assistance, and complained by writing letters alleging that the failure to provide loan servicing was based on his race (Compl. ¶ 10.) Plaintiff demands actual damages, lost profits, and consequential damages of at least $3,000,000 (Compl. ¶ 19.) Furthermore, Plaintiff requests this Court to discharge Plaintiff's outstanding debt to the USDA (Compl. ¶ 19.)

## DISCUSSION

A.  <u>Dismissal Standard Under Rule 12(b)(6)</u>

Defendant has moved for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can

2

be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

    i    <u>Plaintiff's ECOA Claim</u>

Here, Defendant is entitled to dismissal of Plaintiff's ECOA claim under Rule 12(b)(6) because the Plaintiff has failed to plead sufficient facts establishing his plausible right to relief under the ECOA. Unlawful discrimination under the ECOA must be proven using one of three theories: (1) direct evidence of discrimination; (2) disparate treatment analysis; or (3) disparate impact analysis. *See, e.g., Shiplet v. Veneman*, 620 F. Supp. 2d 1203, 1223 (D. Mt. 2009) (citations omitted).

Rather than pursue a direct discrimination or disparate impact theory of discrimination, Plaintiff relies solely upon disparate treatment analysis. For disparate treatment claims, the

3

plaintiff must allege and come forward with circumstantial evidence that creates an inference to "shift the burden" to the defendant to defend the treatment; the analysis is analogous to the framework outlined in *McDonnell Douglass Corp v. Green*, 411 U.S. 792 (1973), and its progeny. *See, e.g., Crestar Bank v. Driggs*, 1993 WL 198187, at *1 (4th Cir. June 11, 1993); *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1337 (M.D. Ala. 2003).

If the plaintiff alleges and presents evidence to shift the burden, the burden of production then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its allegedly discriminatory actions. While the intermediate evidentiary burden shifts under the disparate treatment analysis, the ultimate burden of persuasion as to discrimination remains with the plaintiff at all times. *See, e.g., Shiplet*, 620 F. Supp. 2d at 1232.

In ECOA disparate treatment cases, courts have framed the prima facie test as requiring plaintiffs to demonstrate:

(1) they are a member of a protected class;

(2) they applied for an extension of credit;

(3) they were rejected despite their qualifications; and

(4) others of similar credit stature were extended credit or were given more favorable treatment than plaintiffs.

*See, e.g., Cooley*, 280 F. Supp. 2d at 1339-40 (fourth element requires proof "that the defendant continued to approve loans or applicants outside of the plaintiff's protected class with similar qualification" because plaintiff must show similarly situated persons outside the class were treated differently).

Here, Plaintiff fails to plead facts establishing a prima facie case of discrimination under

the ECOA. Although the Complaint is sufficient with respect to the first three prima facie elements, it is devoid of any plausible substantive allegations establishing the fourth and final element of an ECOA claim.

It is undisputed that Plaintiff is a member of a protected class. It is further undisputed that Plaintiff, on several occasions, applied for an extension of credit and credit servicing. Plaintiff has, moreover, pled sufficient facts establishing that he was denied USDA's credit servicing despite his qualifications (Compl. ¶ 13) (outlining Plaintiff's 1989 denial of credit and the subsequent findings by the National Appeals Staff that the USDA "improperly denied the [Plaintiff's] application for [credit services] because the farm and home plan [Plaintiff] submitted showed sufficient income to service the FmHA debt and pay outside creditors.").

However, Plaintiff's Complaint fails to plead sufficient facts to support the fourth and final element of his prima face case. As mentioned, *supra*, to carry his evidentiary burden, Plaintiff must show that "others of similar credit stature were extended credit or were given more favorable treatment than plaintiffs." *Cooley,* 280 F. Supp. 2d at 1339-40. "The 'similarly situated' prong of the prima facie test is important because no presumption of discrimination arises [from] the fact that a defendant treated dissimilar persons differently." *Id.* at 1341.

Plaintiff has failed to plead sufficient facts plausibly demonstrating the existence of a single non-minority who was (1) of similar credit stature as the Plaintiff and (2) given more favorable financial or credit-related treatment than Plaintiff by the USDA. In fact, the only portion of the Complaint which refers to this element of the prima facie case does so as a mere recital of the elements of an ECOA violation. In response to Defendant's Motion to Dismiss, Plaintiff directs the Court to paragraph 17 of the Complaint (Pl.'s Br. at 8) ("In paragraph 17 of

Plaintiff's Complain,t he clearly articulates that white farmers were afforded more favorable treatment than he." [sic]). Paragraph 17 of the Complaint alleges:

> The Grants claim that the USDA employees and/or agents denied them the right to application assistance and technical support, loan servicing, including but not limited to debt write-off and/or write-down, leaseback/buyback, homestead protection and other rights afforded white farmers under the United States Constitution and the laws and regulations enacted thereunder.

(Compl. ¶ 17.)

Considering the "similarly situated" prong of an ECOA prima facie case, in conjunction with Paragraph 17 of Plaintiff's Complaint, it is the opinion of the Court that the Plaintiff has pled facts that are "merely consistent with" Defendant's liability, as opposed to facts which plausibly establish Plaintiff's right to recovery under the ECOA. But, as the Supreme Court has held "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557) (internal quotations and brackets omitted). Plaintiff's minimal burden, at the pleading stage, is to come forward with more than a mere recital that he was denied certain "rights afforded white farmers under the United States Constitution and the laws and regulations enacted thereunder" (Compl. ¶ 17.) Plaintiff has failed to satisfy this burden. Plaintiff's Complaint is legally insufficient to state an ECOA claim, and the Defendant is, therefore, entitled to dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

The ECOA claims purportedly asserted against Defendant are hereby dismissed because Plaintiff's allegations fail to allege either (1) direct statements of discrimination, (2) disparate impact, or (3) disparate treatment, any one of which might give rise to the Defendant's liability

under the ECOA.

ii. <u>Plaintiff's Non-ECOA Claims</u>

The Government has moved to dismissed the Plaintiff's remaining non-ECOA claims for failure to state a claim. Plaintiff baldly contends that the Government's attacks on Plaintiff's Constitutional and non-ECOA claims are "feckless" and "without merit." But Plaintiff fails to substantively respond to the specific legal challenges made by the Government and he presents no evidence to support his claims under any non-ECOA theory of liability. At the pleading stage, the plaintiff is required to allege facts that support each of his various claims, rather than merely offering labels and conclusory allegations. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Considering the pleadings, the Defendant's instant Motion, as well as the Plaintiff's response in opposition, the Court finds that the Plaintiff has failed to plead a plausible right to relief under any of the non-ECOA claims. With respect to these claims, the Complaint merely invokes various statutory and constitutional provisions and then states, in bare and conclusory style, that Plaintiff is entitled to recover under those provisions. Plaintiff's barren method of pleading is ineffective, however, since "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. The allegations before the Court are insufficient, as a legal and factual matter, to sustain Plaintiffs' claims of discrimination under the Fifth Amendment, Thirteenth Amendment, the Equal Protection clause, or the Due Process clauses of the Constitution, as well as the referenced statutory provisions. Defendant is entitled to dismissal of all non-ECOA claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or, Alternatively, for Summary Judgement of the United States [DE 71] is GRANTED. The Clerk is directed to close the case.

DONE AND ORDERED.

This ___ day of January, 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8